RUSSELL S. ROECA (State Bar # 97297)
EDWARD D. HAAS (State Bar # 76647)
DANIEL W. HAGER (State Bar #121515)
ROECA HAAS HAGER LLP
351 California Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 352-0980
Facsimile:  (415) 352-0988
Email: dhager@r2hlaw.com

Attorneys for Defendant HELLENIC REPUBLIC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(OAKLAND DIVISION)

| | |
|---|---|
| GEORGE G. BENETATOS and CHOULOS, CHOULOS & WYLE, LLC, <br><br>Plaintiff,<br><br>vs.<br><br>HELLENIC REPUBLIC,<br><br>Defendant. | Case No. C 06-06819 SBA<br><br>**ORDER GRANTING DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    July 22, 2008<br>Time:    1:00 p.m.<br>Location: Courtroom 3<br>Judge:   Hon. Saundra Brown Armstrong |

**I.    BACKGROUND**

Before filing the present action on or about November 2, 2006, plaintiff attorney George Benetatos had filed a Chapter 13 bankruptcy petition.  However, in two sets of sworn bankruptcy schedules he failed to schedule any claim against the Hellenic Republic, despite the fact that, based on his own allegations in the present case, he had pre-existing claims against defendant for attorneys' fees and costs.  After filing for Chapter 13 protection, plaintiff alleges that defendant became indebted to him for $22,500.00 in additional fees and costs, which he seeks to recover in this action.

Defendant Hellenic Republic brought the present motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to obtain dismissal of plaintiff

Benetatos' present claims, on the ground that plaintiff is judicially estopped from pursuing previously unscheduled claims.

The motion for judgment on the pleadings came on regularly for hearing before this Court on July 22, 2008. Daniel W. Hager and Russell S. Roeca appeared as attorney for defendant Hellenic Republic, and George Benetatos appeared as attorney for plaintiff George G. Benetatos. At the hearing, the Court granted defendant's motion in part, ruling that plaintiff's pre-petition claim in the alleged amount of $93,573.11 was barred under the doctrine of judicial estoppel. The Court then requested supplemental briefing from the parties concerning the post-petition claim. The present order addresses that $22,500.00 claim.

## II.   LEGAL STANDARD

Motions for judgment on the pleadings are provided for by Rule 12(c) of the Federal Rules of Civil Procedure and can be granted where, based on the allegations of the complaint and matters of which the Court can take judicial notice, a plaintiff fails to state a claim.

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. (*Hamilton v. State Farm,* 270 F.3d at 783, citing *Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir.1992).)

## III.   ANALYSIS

Plaintiff Benetatos, in his own complaint in the present case, confirms unequivocally that after he filed Chapter 13 bankruptcy he billed defendant regularly for post-petition fees and costs in the amount of $22,500.00, which he now claims. He undisputedly knew he had a claim for unpaid post-petition fees and costs, yet failed to disclose that claim in not only his initial schedules, but in his amended schedules as well.

Plaintiff had an obligation to schedule earnings and assets that he acquired after the commencement of his Chapter 13 estate. (*Autos, Inc. v. Gowin*, 330 B.R. 788 (D. Kan. 2005); *In re Harvey*, 356 B.R. 557 (Bkrtcy. S.D. Ga. 2006); *Thompson v. Quarles,* --- F.Supp.2d ----, 2008 WL 2794799 (S.D. Ga. 2008); *Chandler v. Samford University,* 35 F.Supp.2d 861, 864 (N.D. Ala. 1999); *Brassfield v. Jack McLendon Furniture, Inc.,* 953 F.Supp. 1438 (M.D. Ala. 1996);

ORDER GRANTING DEFENDANT'S 12(c) MOTION            2            *BENETATOS, et al. v. HELLENIC REPUBLIC*
Case No. C 06-06819 SBA

1 *Wolfork v. Tackett*, 273 Ga. 328, 540 S.E.2d 611 (2001); see generally, *De Leon v. Comcar Industries, Inc.,* 321 F.3d 1289 (11th Cir. 2003).)

In reliance on his representations in his schedules made under penalty of perjury, the bankruptcy court both affirmed his Chapter 13 Plan and granted him a discharge.

Thus, plaintiff Benetatos is, as a matter of law, judicially estopped from attempting to assert his post-petition claim against the Hellenic Republic.  (*Hamilton v. State Farm,* 270 F.3d at 785; *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992); *Rose v. Beverly Health And Rehabilitation Services, Inc.,* 356 B.R. 18, 23 (E.D. Cal. 2006).)

## IV.   CONCLUSION

Plaintiff Benetatos, having failed to disclose any post-petition claim against the Hellenic Republic in his sworn bankruptcy schedules, is judicially estopped from pursuing such undisclosed claims in this action and, therefore, his claims should be dismissed.

After considering the moving and opposition papers, the supplemental briefing, the arguments of counsel, and all other matters presented to the Court,

**IT IS HEREBY ORDERED THAT** defendant's motion for judgment on the pleadings is GRANTED and plaintiff Benetatos' post-petition claim in the amount of $22,500.00 is, accordingly, DISMISSED.

**IT IS SO ORDERED.**

Dated: 9/2/08                                                    _____
                                                                              HON. SAUNDRA BROWN ARMSTRONG

1   G:\BENATATOS\PLEADINGS\MOT.JUDGT.PLEADINGS.PROPOSED ORDER.FINAL.DOC